IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IRONSHORE SPECIALTY INSURANCE COMPANY,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 12-06710 |
| **HAINES & KIBBLEHOUSE, INC.,** et al., | : | |
| Defendants. | : | |

# M E M O R A N D U M

**Stengel, J.**                                                                                              **March 13, 2014**

This is a declaratory judgment action concerning the parties' rights and obligations under an excess liability insurance policy issued by Ironshore to Haines & Kibblehouse, under which Reading Materials, Inc. and Haines & Kibblehouse are named as insureds. This action relates to insurance coverage for a Pennsylvania state court tort action. The defendants filed a motion to dismiss or stay this action under <u>Brillhart</u>. For the foregoing reasons, I will grant the motion to dismiss.

## I.     BACKGROUND

### a. State Court Tort Action

On October 9, 2009, John Hanlon was an electrician employed by Haines & Kibblehouse (H&K), who was working on an electrical problem at an asphalt production facility operated by Reading Materials, Inc. (RMI) in Reading, Pennsylvania. H&K is the

1

corporate parent of RMI.[1] An explosion occurred during the course of his work, injuring Hanlon. On June 21, 2011, Hanlon and his wife filed suit in Pennsylvania state court against Current Connection & Mechanical Services, Inc., Current Connection Electrical Contractor, Inc., and Metropolitan Edison Company—the electrical service providers to the RMI plant—seeking tort recovery.[2]

On September 7, 2011, Metropolitan Edison filed a Joinder Complaint against RMI in order to hold it liable to Metropolitan Edison to the extent Metropolitan Edison may be held liable to the Hanlons.[3] Current Connection & Mechanical Services, Inc., Current Connection Electrical Contractor, Inc., and Metropolitan Edison Company were to be dismissed from the suit, leaving RMI as the only defendant in the Hanlons' action. Neither Metropolitan Edison nor any other party had joined H&K in the Hanlons' action.

### b. The Ironshore Policy and Federal Declaratory Judgment Action

Ironshore issued a Commercial Excess Liability Policy No. OWC 30913001 to H&K, effective January 1, 2009 through January 1, 2010. Both H&K and RMI are named as insureds under that Policy. By letter dated October 26, 2012, Ironshore agreed to

---

[1] There is a dispute over whether Hanlon was an employee of both H&K and RMI, or of RMI alone, and/or a statutory employee of RMI. Defendants' Motion to Dismiss, Doc. No. 6, Ex. B at ¶ 10.

[2] The defendants attached a copy of the Hanlons' complaint to their motion to dismiss. See Defendants' Motion to Dismiss, Doc. No. 6, Ex. A. This complaint was filed in Philadelphia County on June 21, 2011. However, the parties indicate that the case is currently captioned as John Hanlon and Susan Hanlon v. Current Connection & Mechanical Services, Inc. et. al., No. 11-24373 (Pa. Ct. of Common Pleas, Berks Cty.). See Compl., Doc. No. 1 at ¶ 2; Defendants' Motion to Dismiss, Doc. No. 6 at 1. The docket for the Philadelphia complaint (Case Id. 110601763) indicates that the case was transferred to another jurisdiction. The parties do not indicate that a transfer occurred. From the complaint itself, it would appear that Berks County would be a more appropriate venue with all parties being residents of there. From these details, I assume that the case was originally filed in Philadelphia County and then transferred to Berks County.

[3] See Defendants' Motion to Dismiss, Doc. No. 6, Ex. B.

defend the Hanlons' action under a reservation of rights and RMI tendered the defense to it.[4] In its letter, Ironshore specifically reserved the right to deny coverage and terminate its defense of the Hanlons' action based on two policy exclusions related to workers' compensation and the employer's liability.

In a letter dated November 13, 2012, Hanlons' counsel issued a settlement demand to RMI for payment of $3.9 million under the Policy by November 30, 2012. The letter also stated that, should the demand not be accepted and should the Hanlons obtain a judgment in excess of $3.9 million, the Hanlons would seek an assignment from RMI of a purported bad faith claims against Ironshore.[5] The Policy would be limited to $3.1 million because $1.9 million of the $5 million policy limit has been paid out for other claims.[6]

On December 3, 2012, Ironshore filed this declaratory judgment complaint in this court.[7] The Hanlons are not parties to this action. Ironshore seeks a judicial declaration that it has no duty to defend or indemnify the defendants in the Hanlons' tort action under

---

[4] See id., Ex. C.

[5] Compl., Doc. No. 1 at ¶ 22.

[6] Id. at ¶ 23; Defendants' Supplemental Memorandum of Law in Support of Pending Motion to Dismiss, Doc. No. 20, Ex. A at ¶ 9 (State Declaratory Judgment Action Preliminary Objections).

The Ironshore Policy has limits of liability of $5 million per occurrence and $5 million in the aggregate, excess $12 million in underlying coverage. According to the state declaratory judgment complaint, the underlying coverage has been exhausted, as well as $1.9 million of the Ironshore Policy's limits of liability, to pay the settlement of a separate lawsuit arising from the same explosion in which Hanlon was injured. See Defendants' Motion to Dismiss, Doc. No. 6, Ex. E at ¶ 31-32 (State Declaratory Judgment Action Complaint).

[7] See Compl., Doc. No. 1.

the policy exclusions based on workers' compensation laws and the employer's liability.[8] Ironshore relies on the two policy exclusions under which it reserved the right to deny coverage in its October 26, 2012 letter. The sole count in the complaint is for declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq. Subsequently, the defendants moved to dismiss.

### c. State Court Declaratory Judgment Action

On January 30, 2013, H&K and RMI filed a complaint in the Court of Common Pleas of Philadelphia County.[9] In that action, H&K and RMI sued Ironshore and CBIZ Benefits & Insurance Services, Inc., the insurance broker and consultant who agreed to provide H&K and RMI with complete liability coverage. H&K and RMI also joined the Hanlons in the Philadelphia action because they are indispensable parties under the Pennsylvania Declaratory Judgment Act and Pennsylvania state law.[10] That complaint includes three counts: 1) Count I: declaratory judgment against Ironshore and the Hanlons, seeking a declaration of the rights and obligations of H&K and Reading Materials, the Hanlons, and Ironshore under the Policy; 2) Count II: a claim for breach of contract against CBIZ; and 3) Count III: a claim for negligence against CBIZ.[11]

---

[8] See id. at ¶ 19.

[9] See Defendants' Motion to Dismiss, Doc. No. 6, Ex. E.

[10] The Pennsylvania statute requires that the plaintiffs in an underlying tort action be joined in a declaratory judgment action over insurance coverage for the tort defendant. Pennsylvania Declaratory Judgment Act, 42 Pa.C.S. § 7540. See Vale Chem.Co. v. Hartford Accident & Indem. Co., 512 Pa. 290, 293-94 (1986).

[11] The Philadelphia court complaint seeks damages from CBIZ. This claim is connected to the state declaratory action. If Ironshore is ultimately found not to owe a duty to defend and indemnify H&K and RMI in the Hanlons' action, CBIZ would likely have breached its contractual and professional duties to H&K and RMI by failing to procure such coverage. Even if Ironshore is ultimately found to owe a duty to defend and indemnify, CBIZ could still have breached its contractual and professional duties to H&K and RMI by not making sure that the coverage

On April 16, 2013, the state court judge overruled the parties' preliminary objections and ordered Ironshore to file an answer in that action.[12] Ironshore appealed. The Superior Court stayed the appeal, pending the outcome of this action.[13]

## II.    DECLARATORY JUDGMENT ACT DISCRETION

This court has jurisdiction over this federal declaratory judgment action pursuant to 28 U.S.C. § 1332.[14] When diversity is the basis for federal jurisdiction, a district court's decision to exercise jurisdiction under the Federal Declaratory Judgment Act is discretionary, not compulsory.[15] Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942). "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."[16]

---

CBIZ obtained for them clearly applied to situations such as the Hanlons' action, as opposed to the coverage being written in such a way to allow Ironshore to take its erroneous coverage position. See Defendants' Motion to Dismiss, Doc. No. 6, Ex. E at ¶ 10 (State Declaratory Judgment Action Complaint).

[12] Defendants' Supplemental Memorandum of Law in Support of Pending Motion to Dismiss, Doc. No. 20, Ex. B. and Ex. C at 3.

[13] Defendants' Memorandum in Support of Motion to Dismiss, Doc. No. 33, Ex. A.

[14] Ironshore is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business in New York. H&K is a Pennsylvania corporation with its principal place of business in Pennsylvania. RMI is a Pennsylvania corporation with its principal place of business in Pennsylvania. H&K is the corporate parent of RMI. From the pleadings, the requirements of § 1332 have been met with complete diversity among the parties and an amount in controversy exceeding $75,000.

[15] The Federal Declaratory Judgment Act provides, in relevant part:
> (a) In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, *whether or not further relief is or could be sought*. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C § 2201(a) (emphasis added).

[16] Unlike the Colorado River doctrine, the court's discretion under the Declaratory Judgment Act is "significantly greater" and does not require exceptional circumstances. U.S. v. Com. of Pa., Dept. of Environmental Resources, 923 F.2d 1071, 1073-74 (3d Cir. 1991); Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)("Distinct features of

Brillhart, 316 U.S. at 495; see also State Auto Ins. Companies v. Summy, 234 F.3d 131, 133 (2000). The Supreme Court in Brillhart cautioned that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Brillhart, 316 U.S. at 495.

"The central question is whether the controversy may 'better be settled' in the state court and this may entail consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in the state court proceeding."[17] U.S. v. Com. of Pa., Dept. of Environmental Resources, 923 F.2d 1071, 1075 (3d Cir. 1991).

### III. DISCUSSION

#### a. *State Auto Ins. Companies v. Summy*

The defendants argue that State Auto Ins. Companies v. Summy, 234 F.3d 131 (3d Cir. 2000), warrants abstention in this case under Brillhart. Summy addressed the use of

---

the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the "exceptional circumstances" test of Colorado River and Moses H. Cone."). The court does not need to resort to a more limited abstention doctrine in order to effectuate its discretion under the Declaratory Judgment Act. Com. of Pa., Dept. of Environmental Resources, 923 F.2d at 1074.

[17] Specifically, Brillhart said a district court should consider: 1) "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court;" 2) "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding;" 3) "whether necessary parties have been joined;" and 4) "whether such parties are amenable to process in that proceeding." Brillhart, 316 U.S. at 495.

The Third Circuit has also enumerated several other factors to consider in determining whether the state court is "better suited":

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation; and
>
> (4) the availability and relative convenience of other remedies.

Com. of Pa., Dept. of Environmental Resources, 923 F.2d at 1075.

6

Brillhart in diversity cases involving requests for declaratory judgments in insurance coverage disputes with only state law claims.[18] Summy, 234 F.3d at 131-33. In Summy, the Third Circuit found that the "assumption of jurisdiction under the Declaratory Judgment Act in this case was not consistent with a sound exercise of discretion" when a pending state court declaratory judgment action existed. Summy, 234 F.3d at 136. The Third Circuit also instructed district courts to consider the following when deciding whether the retain jurisdiction in this context:

> 1) The general policy of restraint when the same issues are pending in a state court;
>
> 2) Inherent conflicts of interest between an insurer's duty to defend in a state court and its attempt to characterize the suit in federal court as falling within the scope of a policy exclusion; and
>
> 3) Avoidance of duplicative litigation.

Summy, 234 F.3d at 134 (citing Com. of Pa., Dept. of Environmental Resources, 923 F.2d at 1075–76). Summy also cautioned federal courts to hesitate in exercising jurisdiction over declaratory judgment actions when the state law involved is close or unsettled. Summy, 234 F.3d at 135.

  I agree with the defendants that this action falls under the purview of Summy. This is a federal declaratory judgment action in the context of insurance coverage. The basis for jurisdiction is diversity with the claims based only in state law. There is a state

---

[18] The Third Circuit distinguished this factual scenario from that of U.S. v. Com. of Pa., Dept. of Environmental Resources, 923 F.2d 1071 (3d Cir. 1991), in which a federal interest in the outcome of the dispute existed. In Com. of Pa., Dept. of Environmental Resources, the Third Circuit held that district courts do not "have open-ended discretion to decline jurisdiction over a declaratory judgment action when the issues included federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." State Auto Ins. Companies v. Summy, 234 F.3d 131, 134 (3d Cir. 2000)(citing Com. of Pa., Dept. of Environmental Resources, 923 F.2d at 1076-79.

7

court declaratory judgment action pending as well. All these factors make <u>Summy</u> directly on point with how this court should analyze whether abstention under <u>Brillhart</u> is warranted.

### b. Application of *Summy* to Determine *Brillhart* Abstention

In considering the guidance offered by <u>Summy</u>, I find that abstention under <u>Brillhart</u> is warranted.[19] With regard to the first <u>Summy</u> factor, a state court declaratory judgment action which addresses the same issues as this action is pending; therefore, the general policy of restraint in this situation weighs in favor of abstention.

The second factor also weighs in favor of abstention. Though the plaintiff argues disingenuously to the contrary, there is an inherent conflict of interest.[20] Ironshore is currently defending the Hanlons' action in state court under a reservation of rights yet has

---

[19] Courts within this district consistently decline to retain jurisdiction over federal declaratory judgment actions when a state declaratory judgment action is pending under <u>Summy</u>. <u>See, e.g.</u>, <u>ITT Industries, Inc. v. Pacific Employers Ins. Co.</u>, 427 F. Supp. 2d 552, 563 (E.D. Pa. 2006); <u>Scottsdale Ins. Co. v. Broaddus</u>, No. 08–3241, 2009 WL 349697, at *9 (E.D.Pa. Feb. 11, 2009)(declining jurisdiction over federal declaratory judgment under <u>Summy</u>); <u>General Cas. Co. of Wisconsin v. Guzikowski</u>, No. 11–5154, 2011 WL 10654018, at *4 (E.D.Pa. Dec. 9. 2011); <u>First Mercury Ins. Co. v. Legends, Inc.</u>, 914 F.Supp.2d 644 (E.D.Pa. 2012); <u>Allstate Ins. Co. v. Manilla,</u> No. 11–5102, 2012 WL 1392559, at *2 (E.D.Pa. Apr. 20, 2012); <u>State Auto. Mut. Ins. Co. v. Frameworkers.com, Inc.</u>, No. 11–3271, 2012 WL 3627427 (E.D.Pa. Aug. 23, 2012).

[20] The plaintiff argues that there is no conflict of interest because both the plaintiff and defendants in this action have a common interest in a determination that Hanlon was an employee of RMI. <u>See</u> Plaintiff's Response to Defendants' Motion to Dismiss, Doc. No. 9 at 12. While this point may be true, there is an actual conflict on what the parties believe this determination should be because this determination has real financial consequences. As the defendants point out, a determination that Hanlon is an employee of RMI would leave RMI with no personal insurance coverage for a serious personal injury case, resulting in a substantial judgment against it. <u>See</u> Defendants' Reply Brief, Doc. No. 13, Ex. A at 8. This makes the conflict of interest not only inherent but also actual.

<u>See also</u> <u>Hartford Cas. Ins. Co. v. American Recycling Systems, Inc.</u>, No. 09–3355, 2010 WL 3420046, at *4 (E.D.Pa. Aug. 25, 2010)("It is clear that this case typifies the type of inherent conflict of interest identified by the Third Circuit in <u>Summy</u>, 234 F.3d at 134. On the one hand, Hartford is currently defending ARS in the underlying state suit. On the other hand, in this federal action, Hartford is attempting to characterize the underlying claims as falling within the scope of a policy exclusion in order to obtain a declaration that it is not obligated to defend or indemnify ARS in the underlying suit.").

filed this declaratory judgment action seeking a determination that the Hanlons' action is not covered under two policy exclusions.

Lastly, the third factor weighs in favor of abstention because a parallel declaratory judgment action is already pending in state court. "A federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Summy, 234 F.3d at 135. The state court action has progressed beyond what this action has, with that court already addressing preliminary objections. To address the same objections in this forum would be a waste of judicial resources.[21] The state court declaratory judgment complaint also more fully explores and addresses the potential liability of all the parties who may be involved in this insurance dispute. Allowing the state court to adjudicate the claims before it—as opposed to having this court only adjudicate the declaratory judgment action—would prevent piecemeal litigation.

The plaintiff argues that the order of filing of the declaratory judgment actions—with this action being first and the one in state court filed second—weighs in favor of this

---

[21] I also note that there is nothing under Brillhart or Com. of Pa., Dept. of Environmental Resources that would indicate the state court would not be "better suited" to handle the declaratory judgment action. The state court proceeding, unlike this proceeding, more fully joins all the necessary parties and claims involved in the core controversy. For this reason, the state court can more satisfactorily adjudicate this proceeding.

There is also nothing more convenient about this court over the state court action. The state court action was brought in Philadelphia County, which is within this district and not far from Berks County where the tort action is pending. A federal declaration would not resolve the uncertainty of the obligation any more than the state court's declaration would. There is also no specific public interest in having the federal court settle the uncertainty of the obligation, whereas the state court has a public interest to ensure its laws are properly interpreted. See Hartford Cas. Ins. Co., 2010 WL 3420046, at *3 ("[T]his action presents 'the all too common case of an insurance company coming to federal court, under diversity jurisdiction, to receive declarations on purely state law matters….Thus, the public interest is likely best served by the state court deciding issues of state law.")(citations omitted)). Lastly, the state court can offer the same remedy that this court can.

court retaining jurisdiction.[22] This is simply not true under Summy. "It is irrelevant that the state declaratory judgment petition was filed after its counterpart in the District Court." Summy, 234 F.3d at 136.[23]

The plaintiff also argues that this court should retain jurisdiction because the state law in this case is settled.[24] The defendants argue to the contrary that state law in this

---

[22] Ironshore also had argued in its response to the motion to dismiss that the avoidance of duplicative litigation weighed in its favor because it was planning to file preliminary objections in the state declaratory action asking the state court to dismiss or sever H&K and RMI's declaratory judgment claim on the grounds of *lis pendens* and misjoinder. After that filing, Ironshore did, in fact, file its preliminary objections. On April 16, 2013, the state court judge overruled these preliminary objections and ordered Ironshore to file an answer to the state court declaratory judgment complaint within twenty days of that Order. See Defendants' Supplemental Memorandum of Law in Support of Motion to Dismiss, Doc. No. 20, Ex. 3 at 3. This argument, therefore, is moot.

[23] See also First Mercury Ins. Co. v. Legends, Inc., 914 F.Supp.2d 644 (E.D.Pa. 2012)(declining to exercise jurisdiction over declaratory action even though state declaratory action was later filing);General Cas. Co. of Wisconsin v. Guzikowski, No. 11–5154, 2011 WL 10654018, at *4 (E.D.Pa. Dec. 9. 2011)("The Summy Court specifically addressed this issue concluding that the fact that the state declaratory judgment petition was filed after its counterpart in the federal court was irrelevant."); Allstate Ins. Co. v. Manilla, No. 11–5102, 2012 WL 1392559, at *2 (E.D.Pa. Apr. 20, 2012)("As in Summy, it is of no import that Ms. Groh filed the state declaratory judgment petition after Plaintiffs filed the present action in this Court.").

[24] The plaintiff cites to numerous declaratory judgment actions in this district court which address when an insurer has a duty to defend and/or indemnify in light of an employer's liability exclusion to support its contention that the law in this area is settled and the court should decline to abstain for this reason. However, these cases appear to be distinguishable based on their procedural details. See Transport Indem. Co. v. Liberty Mut. Ins. Co., 398 F.Supp. 1026 (E.D.Pa. 1975)(no indication that a declaratory judgment had been filed in state court and indication that the declaratory judgment action came after a jury verdict in state court); North Wales Water Authority v. Aetna Life and Casualty, No. CIV. A. 96–0727, 1996 WL 627587 (E.D.Pa. Oct. 30, 1996)(no indication that a state court declaratory judgment had also been filed); Continental Cas. Co. v. Peerless Industries Inc., No. 06–4621, 2007 WL 2029298 (E.D.Pa. Jul 11, 2007)(declining to abstain because no parallel action in state court); Eidelman v. State Farm Fire and Cas. Co., No. 10–2578, 2011 WL 198501, at *1 n.2 (E.D.Pa. Jan. 19, 2011)(Stengel, J.)("Because the plaintiffs, who originally filed this action in state court, have not requested that the Court decline to exercise jurisdiction, because there are to this Court's knowledge no parallel state court proceedings presenting the same issue, and because there are no unsettled issues of state law presented, I find that it is proper to exercise jurisdiction in this case."); Westfield Ins. Co. v. Wertz, No. 10–03066, 2011 WL 2135579, *2 (E.D.Pa. May 27, 2011)("Here, unlike in Summy, [sic] there is no parallel declaratory judgment action in state court."); O'Neill v. Geico Ins. Co., No. 12–65, 2012 WL 401116, at *2 (E.D.Pa. Feb. 8, 2012)("Unlike Wilton, Summy, and Gula, there are no parallel state proceedings here so that any concern about judicial economy is absent."); Koons v. XL Ins. America, Inc., Civil Action No. 11–2956, 2012 WL 1946825 (E.D.Pa. May 30, 2012)(action for declaratory judgment regarding insurer's duty to defend and indemnify injured party brought in federal court after insurance company denied coverage in state court), rev'd on other grounds, 516 Fed.Appx. 217 (3d Cir. Mar. 25, 2013); Markel Ins. Co. v. Young, No. 11–1472, 2012 WL 2135564 (E.D.Pa. Jun. 12, 2012)(no indication that a state court declaratory judgment had also been filed).

The plaintiff also cites to Liberty Mut. Ins. Co. v. Treesdale, Inc., Westport Ins. Corp. v. Bayer, and Federal Kemper Ins. Co. v. Rauscher as support for this argument. These Third Circuit decisions, however, are not on point with whether this court should retain jurisdiction under Brillhart, which is the question that first needs to be addressed.

matter is unsettled and should be decided by state courts. Recent Pennsylvania case law suggests that how a court should interpret the employer's liability exclusion under Pennsylvania law may be unsettled.[25] This adds further support for my decision to abstain under Brillhart/Summy.

---

Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216 (3d Cir. 2005), was a decision made regarding a motion to intervene, not the validity of jurisdiction over the underlying declaratory judgment action. That case does not discuss Brillhart or the procedural aspects of the court's discretion to decline to hear a case under this doctrine. Westport Ins. Corp. v. Bayer, 284 F.3d 489 (3d Cir. 2002), also does not address the Brillhart doctrine and, instead, speaks to the actual merit of a district court's declaratory judgment on what the applicable policy limits for insurance coverage were. Id. at 500. Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345 (3d Cir. 1986), discussed the standing as it pertained to an injured party in a declaratory judgment action brought by an insurance company against its insured and the injured party. Id. at 346.

[25] The primary issue in this declaratory judgment action is whether the Policy's Employer's Liability Exclusion bars coverage for the Hanlon Action. This issue will likely turn on the court's interpretation of whether the Employer's Liability Exclusion applies to bar coverage only if RMI was the employer of the underlying plaintiff, Mr. Hanlon, or whether it applies to bar coverage if any insured, including H&K, was his employer.

The plaintiff specifically cites to Penn. Mftrs' Assoc. Ins. Co. (PMA) v. Aetna Cas. and Sur. Ins. Co., 426 Pa. 453 (1967), as support for the argument that Pennsylvania state law at issue is settled as to when the exclusion applies. The defendants counter that Luko v. Lloyd's London, 393 Pa. Super. 165 (1990), distinguished PMA and found the exclusion inapplicable. The plaintiff then counters that federal courts in this circuit have disregarded Luko as being contradictory to PMA. The plaintiff also cites to two unpublished Third Circuit opinions to support this point, one of which is prior to 2007, and one district court case that was decided prior to Summy. See Scottsdale Ins. Co. v. City of Easton, 379 Fed.Appx. 139, 150 (3d Cir. 2010). North Wales Water Authority v. Aetna Life and Casualty, No. CIV. A. 96–0727, 1996 WL 627587 (E.D.Pa. Oct. 30, 1996); Brown & Root Braun, Inc. v. Bogan, Inc. 54 Fed.App'x. 542, 548 (3d Cir. 2002).

In Mutual Ben. Ins. Co. v. Politopoulos, the Pennsylvania Superior Court recently discussed the development of case law related to Pennsylvania courts' interpretation of the employer liability exclusion. 75 A.3d 528 (Pa.Super. Sept. 6, 2013), reargument denied, Nov. 6, 2013. The appellants in that case specifically asked the Pennsylvania Superior Court to determine whether PMA should be overturned or reinterpreted in light of subsequent case law. Id. at 531. The court noted that Maravich v. Aetna Life & Casualty Co., 504 A.2d 896 (Pa. Super. 1986), McAllister v. Millville Mutual Insurance Co., 640 A.2d 1283 (Pa. Super. 1994), and Luko v. Lloyd's London, 573 A.2d 1139 (Pa. Super. 1990), all offer subsequent precedent that contradicted PMA. Id. at 533-35. However, the court declined to overturn PMA and simply indicated that the various cases were distinguishable based on the facts or policy in each case. Id. at 534. In addition, the court declined to find PMA to be controlling in Mutual Ben. Ins. Co. v. Politopoulos and distinguished PMA based on the language in the Mutual Ben. Ins. policy. Id. at 538. The court also noted that it was not persuaded by the federal courts' interpretation of Pennsylvania law in this area. Id. at 536.

The court also noted how the trial court in that case and other trial courts have struggled to harmonize and reconcile PMA and Luko. See Mutual Ben. Ins. Co. v. Politopoulos, 75 A.3d 528, 531-32, 534 n.4 (Pa.Super. Sept. 6, 2013). This point undercuts Ironshore's arguments that Third Circuit courts have found PMA to be controlling in all employer exclusion cases.

Even if the case law were more settled, as Ironshore argues, this point alone is not dispositive of whether a district court should retain jurisdiction. See Allstate Ins. Co. v. Manilla, No. 11–5102, 2012 WL 1392559, at *3 (E.D.Pa. Apr. 20, 2012)(declining to exercise jurisdiction under Brillhart/Summy though state law question at hand is settled because "this alone does not overcome the array of factors weighing heavily in favor of dismissal")(citing Atlantic Mutual Ins. Co. v. Gula, 84 F.App'x 173, 175 (3d Cir.2003)). Summy explained that "where the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions." Id. at 135. However, the court went on to say that "[w]hen the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts." Id. at 136. Because the other three Summy factors weight towards abstention, this argument alone would not be enough to tip the scales away from abstention.[26]

## IV.    CONCLUSION

"The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Summy, 234 F.3d at 136. Like Summy, not a single federal question exists in this case. Diversity is the only basis for jurisdiction, and only state law claims are at issue. A state

---

[26] Even if the case law were settled, this court would need facts regarding the underlying relationship between Hanlon and H&K and RMI. See State Auto. Mut. Ins. Co. v. Frameworkers.com, Inc., No. 11–3271, 2012 WL 3627427, at *4 (E.D.Pa. Aug. 23, 2012)("Although Pennsylvania courts may be tasked with making the legal determination as to whether an employer/employee relationship exists, that determination depends on the unique facts of each case.") See also Universal Am–Can, Ltd. v. Workers' Comp. Appeals Bd., 563 Pa. 480, 762 A.2d 328, 330–31 (Pa.Super.Ct.2000)("[A] determination regarding the existence of an employer/employee relationship is a question of law that is determined on the unique facts of each case."). The nature of that relationship is unclear and is at issue in the state court tort action. That court would be the forum in which those facts would be and likely have already been discovered. It would not be judicially economical to have this court also delve into those facts in order to determine if the exclusion applies.

court would serve as a better forum in which to address the parties' state law claims and to more fully explore the implications that a declaratory judgment might have on the underlying dispute and other claims pendant to its determination.[27]

For the reasons stated above, I will decline to exercise jurisdiction and dismiss this case.[28]

An appropriate Order follows.

---

[27] See Summy, 234 F.3d at 135 ("A federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation.").

[28] While I can stay this action pending the outcome of the state court decision, I find that unnecessary in this case. See Wilton, 515 U.S. at 288 n. 2. The state court is a better suited forum for this action; there would be little, if anything, to be gained by staying this case. For this reason, I am dismissing the action, as opposed to staying it. See, e.g., First Mercury Ins. Co. v. Legends, Inc., 914 F.Supp.2d 644, 649 (E.D.Pa. 2012)("There being no countervailing "federal interests... promoted by deciding this case" in this Court, Summy mandates its dismissal.")(citing Atlantic Mut. Ins. Co. v. Gula, 84 Fed.Appx. 173, 174 (3d. Cir. 2003)); Allstate Ins. Co. v. Manilla, No. 11–5102, 2012 WL 1392559, *3 (E.D.Pa. Apr. 20, 2012)(dismissing under Summy); General Cas. Co. of Wisconsin v. Guzikowski, No. 11–5154, 2011 WL 10654018, at *5 (E.D.Pa. Dec. 9. 2011)(granting motion to dismiss under Summy, for lack of subject matter jurisdiction); Hartford Cas. Ins. Co. v. American Recycling Systems, Inc., No. 09–3355, 2010 WL 3420046, at * 5 (E.D.Pa. Aug. 25, 2010)(dismissing under Summy); Scottsdale Ins. Co. v. Broaddus, No. 08–3241, 2009 WL 349697, at *9 (E.D.Pa. Feb. 11, 2009)(same); AMA/American Marketing Ass'n, Inc. v. Maple Ave. Apartments, L.P., No. 07-1650, 2007 WL 2071902, at *4 (E.D.Pa. Jul. 17, 2007)(same).